IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD BERTON, II, | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )   2:09-cv-463 |
| | ) |
| UNITED STATES OF AMERICA,[1] | ) |
|     Respondent. | ) |

MEMORANDUM AND ORDER

Mitchell, M.J.:

Leonard Berton II has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Because Berton has failed to exhaust the available state court remedies his petition here will be dismissed, without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Berton is presently incarcerated at the State Correctional Institution at Rockview serving a six to twelve year sentence imposed following his conviction upon a plea of guilty to charges of statutory sexual assault, involuntary deviate sexual intercourse with a person less than sixteen years of age, and indecent sexual assault of a person less that sixteen years of age. This sentence

---

[1] Although Berton names the United States as the respondent, it is apparent from the petition that he is in state custody, serving a sentence imposed by Allegheny County, and for this reason has named an improper respondent.

was imposed on June 16, 2008.[2]

No appellate relief was sought but the petitioner did file something in the Court of Common Pleas.[3] Although not set forth in the petition, the Common Pleas docket sheet also demonstrates that a timely post-conviction petition was filed on February 27, 2009; that on March 27, 2009, a rule to show cause was issued directing the Commonwealth to respond and that on July 7, 2009, Berton filed a motion for the appointment of counsel.[4]

The petitioner now seeks habeas corpus relief in this Court and in support of his petition contends that:

1. His guilty plea was unlawfully induced and involuntary.

2. His conviction was obtained by the use of a coerced confession.

3. His conviction was obtained through the failure of the prosecution to disclose exculpatory evidence.

4. His conviction was obtained through a denial of the effective assistance of counsel.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[2] See: Petition at ¶¶ 1-6 and the Court of Common Pleas Docket Sheet: 02-CR-14825-2007.

[3] See: Id. at ¶ 9. However, the Common Pleas docket sheet indicates that on December 4, 2008, Berton filed a "Motion for a Hearing". See: CP-02-CR-0014825-2007.

[4] See: CP-02-CR-0014825-2007.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, it is apparent that Berton is presently pursuing the available state court remedies and that his petition here is premature.

Accordingly, the petition of Leonard Berton II for a writ of habeas corpus will be dismissed without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 28th day of July, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Leonard Berton II for a writ of habeas corpus is dismissed without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

The petitioner is put on notice of this disposition and as mandated by <u>United States v. Randolph</u>, 409 F.3d 155 (3d Cir.2005), is further ordered that on or before August 14, 2009, the petitioner show cause, if any, why judgment should not be entered accordingly.

s/ Robert C. Mitchell<br>
United States Magistrate Judge